IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELE P.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 3553 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michele P.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 26, 2018, Plaintiff filed a claim for DIB, alleging disability since September 1, 2015. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on September 9, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") also testified.

On November 30, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity between her alleged onset date of September 1, 2015 and her date last insured of September 30, 2017. At step two, the ALJ concluded that, through the date last insured, Plaintiff had the following severe impairments:

degenerative disc disease of the thoracic, cervical, and lumbar spine; left carpal tunnel syndrome; depression; anxiety; and attention deficit hyperactivity disorder (ADHD). The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could stand and walk 4 hours and sit for 6 hours in an 8-hour day; could lift and carry 20 pounds occasionally and 10 pounds frequently; could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, bend, stoop, squat, kneel, crouch, and crawl; could occasionally reach at the shoulder level bilaterally and never reach overhead bilaterally; could understand, remember, and carry out simple, routine tasks; and could use judgment limited to simple work-related decisions. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an advertising agency manager or account executive. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could have performed jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act from her alleged onset date through her date last insured.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to incorporate adequate restrictions in the RFC to accommodate Plaintiff's moderate limitations in concentration, persistence, or pace; and (2) the ALJ's step five finding is not supported by substantial evidence.

In advancing her first argument concerning concentration, persistence, or pace, Plaintiff contends that the ALJ failed to properly account for the amount of off-task time Plaintiff would require. Pertinent to Plaintiff's difficulties with concentration and likely off-task requirements, as stated above, the ALJ found that Plaintiff has a severe impairment of ADHD. (R. 17.) The ALJ further found that Plaintiff has a moderate limitation in concentration, persistence, or pace, reasoning that Plaintiff's "pain-related limitations . . . did interfere to a degree with her abilities to concentrate and focus attention." (*Id.* at 18.) At the hearing, the VE testified in response to the ALJ's questioning that it would be work preclusive if an individual was off task more than 10% of the time. (*Id.* at 76-77.) Despite these findings and testimony, the ALJ's decision does not analyze off-task time in any manner. Plaintiff maintains that "[t]he RFC fashioned by the ALJ herein is inadequate where it makes no reference to time off-task." (Pl.'s Br. at 13.)

Under the circumstances of this case, the Court agrees with Plaintiff that the ALJ erred by failing to explicitly consider off-task time whatsoever. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("The VE opined that a person so limited [as far as off-task time] would lack the functional capacity to sustain *any* employment.

7

But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave."); *Thea P. v. Saul*, No. 18 C 8058, 2020 WL 2614853, at *11 (N.D. Ill. May 22, 2020) ("Here, the ALJ specifically asked the VE about employers' tolerance of off-task behavior and absenteeism, and the VE responded that employers would not tolerate an individual being off task more than 15% of the workday and being absent more than once per month. But . . . that testimony is not reflected in the ALJs decision.") (citations and internal quotations omitted). Here, as in other cases, it "appears the ALJ had reason to believe Plaintiff might be off task at least [a certain percentage] of the time, or there would be no reason to have posed [the] hypothetical to the VE." *Gregory W. v. Saul*, No. 19 CV 6848, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020). Yet, the ALJ's decision neglected to offer any analysis of off-task time, meaning that there is no logical bridge for the Court to follow on the topic. *See Jacob D. v. Kililo Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *12-15 (N.D. Ill. Aug. 19, 2021) ("[T]he ALJ included no off-task discussion or finding or in her decision. . . . This is error, as there is no logical bridge to follow to any conclusion about off-task time."); *Gregory W.*, 2020 WL 4816075 at *5 ("[D]espite specifically contemplating the issue of off-task time here, the ALJ then failed to come to any conclusion regarding the off-task time he asked the VE to consider, which is the antithesis of the logical bridge required of ALJs.").

Ultimately, the ALJ's failure to address off-task time requires that this matter be remanded. *See Stephen M. v. Berryhill*, No. 17-CV-7608, 2019 WL

8

2225986, at *6 (N.D. Ill. May 23, 2019) ("For example, the ALJ concluded that Plaintiff had a severe post-traumatic stress disorder, a condition with anxiety symptoms. In light of this evidence and the fact that the ALJ asked a question about off-task time, the Court agrees that the ALJ's failure to address off-task time warrants remand.") (citations omitted); *Sean P. v. Saul*, No. 19 C 408, 2020 WL 3100841, at *3 (N.D. Ill. June 11, 2020) ("On remand, the ALJ must more fully discuss Plaintiff's deficits in concentration, persistence, and pace, with particular attention to how much his impairments would take him off task during the workday."); *Kukec v. Berryhill*, No. 16 CV 9805, 2017 WL 5191872, at *3-4 (N.D. Ill. Nov. 9, 2017) ("[T]he ALJ then failed to come to any conclusion regarding the off-task time she asked the VE to consider. . . . This is not harmless error, particularly because the VE testified that Plaintiff would be unemployable under a hypothetical where she would be off-task at least 20% of the time.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental RFC is properly derived and conclusions as to the availability of other jobs are properly supported.

9

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  ENTERED:

**DATE:   December 16, 2022**  _____
    **HON. MARIA VALDEZ**
    **United States Magistrate Judge**